UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. GALLUCCI, | * |
| Plaintiff, | * |
| v. | *   Case No.: **1:06CV00020 (GK)** |
| | *   Judge Gladys Kessler |
| MARK L. SCHAFFER, *et al.*, | * |
| Defendants. | * |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendants, Mark L. Schaffer, Ashcraft & Gerel, LLP, Martin E. Gerel, and James A. Mannino, ("Defendants") by and through their undersigned counsel, hereby respectfully move this Honorable Court under LCvR 7 to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

As grounds for and in support of dismissal, Defendants state as follows:

1.   The Plaintiff is barred as a matter of law from bringing this lawsuit by the applicable statute of limitations. In determining the duration of the statute of limitations this Court applies D.C. Code § 12-301(8), a three-year statute of limitations for actions not specifically set forth in the statute. See Jung v. Mundy, Holt & Mance, P.C., 372 F.3d 429, 432 (D.C. Cir. 2004) (stating that the statute of limitations in a legal malpractice action is three years). Plaintiff had 28.6 years to pursue the alleged claims at the heart of this lawsuit. However, Mr. Gallucci failed to diligently pursue his concerns and Plaintiff's cause of action accrued and expired well before the current

lawsuit was filed, and as such his claims are barred as a matter of law.

2. Additionally, the Plaintiff is barred from pursuing his claims by the doctrine of laches. The 28.6-year-long delay by Plaintiff in bringing this lawsuit is unreasonable, and Plaintiff makes no effort to explain the delay in his Complaint. Further, the Defendants are prejudiced by potential loss of evidence, as well as by the dimming of memories (both of Plaintiff and Defendants) experienced over the past nearly 29 years. While the prejudice to the Defendants is the primary consideration, a lesser showing is required where the delay is lengthy. See Fed. Mktg. Co. v. Va. Impression Prods. Co., 823 A.2d 513, 525-6 (D.C. 2003). In light of the more than one-quarter century delay by the Plaintiff in filing this lawsuit, the doctrine of laches bars the Plaintiff from litigating this lawsuit.

3. In addition to the bars created by the statute of limitations and the doctrine of laches, Plaintiff's claims must be dismissed because they fail to state a claim upon which relief may be granted as he was not entitled to increased pay under 5 U.S.C. § 8113(a), and as such has suffered no injury. Any wage increase for the Plaintiff would not have been automatic, but would have been heavily dependent upon the Plaintiff's aptitude and merit. As he had only completed 10 months of a 48-month-long program, Plaintiff cannot demonstrate that but for his 1973 work injury he probably would have earned a wage increase, as is required by the governing statute. As such, he has suffered no injury, and has not stated any grounds upon which relief may be granted.

In further support of this Motion, the Defendants respectfully refer this Court to the accompanying Memorandum of Points and Authorities which is incorporated herein.

WHEREFORE, for the following reasons, Defendants respectfully request that this motion be GRANTED and that the Complaint be dismissed, with prejudice.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____
David P. Durbin # 928655
1100 Connecticut Avenue N.W.
Suite 600
Washington, D.C. 20036
Tel: (202) 296-4747
Fax: (202) 496-2800

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendants' Motion to Dismiss for Failure to State a Claim Upon which Relief May be Granted, together with its accompanying Memorandum of Points and Authorities and proposed Order, was mailed, first class and postage pre-paid, or electronically provided, this 10th day of April, 2006 to:

>Matthew H. Simmons, Esq.
>SIMMONS & ASSOCIATES, CHARTERED
>Suite 345
>4733 Bethesda Avenue
>Bethesda, MD 20814

_____
David P. Durbin