# EXHIBIT H

**U.S. Department of Labor**    Employment Standards Administration
Office of Workers' Compensation Programs
Washington, D.C. 20210



File Number:

A25-0029327

May 28, 2003

**FILE COPY**

DEPARTMENT OF THE TREASURY
BUREAU OF ENGRAVING AND PRINTING
ATTN: GAIL SERENCO
WASHINGTON, D.C. 20228

Dear Ms. Sereno:

This letter is in reference to the workers' compensation case of Mr. William Gallucci. It is my determination that Mr. Gallucci's position as an apprentice plate printer for the Bureau of Engraving and Printing (BEP) qualifies him for an increase in his basic compensation under Title 5. U.S.C. § 8113 (a). You have raised several points on this finding. First, you do not believe that Mr. Gallucci can establish that he would have completed the apprenticeship program and second that he should have been aware of the pay-rate difference before 27 years passed from the time of injury to my review of the case.

His awareness is unimportant to the issue. It is the administrative duty of the Office and BEP to ensure each claimant is given the correct pay-rate upon filing for loss of wages. The number of years involved is irrelevant under the Federal Employees Compensation Act, and the Office's position on laches has been explained in a previous letter.

Under CFR 29-29 the Bureau of Apprenticeship and Training has outlined the criteria and standards for an agency such as BEP to follow while sponsoring an apprenticeship program. There are provisions for a probationary period under 29.5 (b) (8). This period is an accepted practice for apprenticeship programs and does not adversely affect Mr. Gallucci's right to compensation at the journeymen level. The Act does not dictate that an apprentice must prove beyond any doubt that he/she would have completed the program. The law states that, "the wage-earning capacity of the individual would probably have increased but for the injury".

*Working for America's Workforce*

The Office's policy on this subject pre-dates Mr. Gallucci's April 23, 1973 injury. Program Memorandum 122 addresses two Employees' Compensation Appeals Board decisions. The first is Robert H. Merritt, 11 ECAB 64 and the second is Bruce E. Hickey, 19 ECAB 98. The Merritt decision concludes that, "learners do proceed from one level to another while in a training program and that the completion of certain levels or phases within a learners' training program involve increases in wage earning capacity". The Memorandum continues with, "In effect, the compensation rate of a learner should be adjusted if the pay rate increased as a result of a change in his learners' status which would have brought him either (1) to a new level within or (2) to completion of his learner's program".

A more modern case decision was issued on July 28, 1998 on the case of Mary K. Reitz (Mary K. Reitz, 49 ECAB ___ (Docket No. 96-1168).

> Upon graduation from her trainee program, appellant would have advanced to the position of journeyman air traffic control specialist at the GS-14 level, step 1. The Office correctly found that appellant's wage-earning capacity under the Act was that of the position of journeyman air traffic control specialist. . . .As detailed above, the relevant precedent provides that the measure for appellant's wage-earning capacity is the position she would have held upon graduation from her trainee program. Accordingly, the Office properly found that appellant's wage-earning capacity was that of a journeyman air traffic control specialist, the position she would have held upon graduation from her trainee program.

Another ECAB reference is the case of John Olejarsi, 39 ECAB ___ (1988). The decision states, "The Office properly found that appellant's wage-earning capacity was that of a journeyman welder, the position appellant would have advanced to upon completion of his training". As you can see by these decisions claimants are not required to prove they would have completed the program. The Federal Regulations that govern apprenticeship programs takes into account that there will be a probationary period, and the

Federal Employees' Compensation Act does not state that a claimant must prove they would have completed the course. The agency has not shown where Mr. Gallucci would not have completed the program, and he is not required under the Act to prove he would have, thus your argument in this matter is unfounded. Furthermore, I do not see where BEP has shown under the Act or the 20 CFR that an apprenticeship program must be "guaranteed" for coverage to be extended to the apprentice under Section 8113 (a). As stated above a probationary period is an accepted part of any qualified apprenticeship program.

Your arguments regarding legal filing under 5 USC § 8122 and 31 USC § 3702(b)(1) are not relevant to Mr. Gallucci in this case. The statue outside of the Act is irrelevant in FECA cases and section 8122 is specifically addressing the filing for Notice of Injury. Mr. Gallucci is not filing a Notice of Injury or a Claim for Wage Loss. Mr. Gallucci met all of his filing requirements under section 8122 in 1973.

Mr. Gallucci asked the Office to review the status of his pay-rate and the appropriate entitlement under 5 USC § 8113 (a). Under 5 USC § 8128 (a), "The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review may - (1) end, decrease, or increase the compensation previously awarded, or (2) award compensation previously refused or discounted". Thus, there is no time limit on this review.

I trust that this letter addresses all of your concerns in this matter. If you have any further questions, please feel free to contact me.

Sincerely,

Michael R. Huff
Special Examiner


Cc: William Gallucci