UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. GALLUCCI, | * |
| Plaintiff, | * |
| v. | * Case No.: **1:06CV00020 (GK)** |
| | * Judge Gladys Kessler |
| MARK L. SCHAFFER, *et al.*, | * |
| Defendants. | * |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS, OR IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants, Mark L. Schaffer, Ashcraft & Gerel, LLP, Martin E. Gerel and James A. Mannino ("Defendants"), by and through their undersigned counsel and pursuant to this Court's Order of July 12, 2007, hereby responds to Plaintiff's Supplemental Memorandum In Opposition To Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment.[1]

INTRODUCTION

This is a purported legal malpractice case arising from professional services provided to Mr. Gallucci during the period 1973-1976. Defendants have filed a Motion To Dismiss.

For purposes of the statute of limitations defense raised in the Motion To Dismiss, and in light of the tolling agreement entered into by the Parties before suit was

---

[1] Defendants incorporate their previously-filed Memoranda and will not restate them here.

filed, this lawsuit is deemed to have been filed as of April 27, 2005. Therefore, pursuant to D.C. Code § 12-301(a), Mr. Gallucci's suit is time-barred if his claims accrued more than three (3) years before filing; that is, before April 27, 2002.

This Court has determined to treat the pending Motion To Dismiss as one for summary judgment, given the presentation of materials beyond the four corners of the Complaint. Plaintiff asserts that there are genuine issues of material fact sufficient to defeat summary judgment. He also asserts the need for discovery, pursuant to Rule 56(f).

As will be demonstrated, none of Plaintiff's arguments are sufficient to show that a delay of more than 28 years in asserting these claims was within the applicable limitations period.

## ARGUMENT

A.    The Statute Of Limitations Bars The Claims As A Matter Of Law

Plaintiff asserts that since he did not realize "the full extent of his injury" until on or about July 16, 2004, the issue of when he knew or should have known of his claim is open to question. See Plaintiff's Memorandum at 8. This statement fundamentally mischaracterizes the controlling legal standard. The statute of limitations in a legal malpractice case "will not begin to run until the Plaintiff either has actual notice of the cause of action ... or has inquiry notice 'as of the time a reasonable investigation would have led to actual notice'." Diamond v. Davis, 680 A.2d 364, 372 (D.C. 1996). Importantly, not all damages need to be sustained, "... or even identified, for the cause of action to accrue; any appreciable and actual harm flowing from the defendant's

conduct is sufficient." Ideal Electronic Security Co., Inc. v. Brown, 817 A.2d 806, 809 (D.C. 2003).[2]

The determinative, undisputed fact which demonstrates that Plaintiff's claims are barred by the three-year statute of limitations can be taken from Mr. Gallucci's attorney's letter of May 15, 2001 to the Office of Workers' Compensation Programs. See Defendants' Motion To Dismiss, Exhibit D. In that letter, attorney Fochs, acting for Mr. Gallucci, specifically argued that the Plaintiff was entitled to increased compensation under 5 U.S.C. § 8113, the very issue raised in this case. See Defendants' Exhibit D (Letter of May 15, 2001) at 6, 33-36. Whether or not Mr. Fochs was a licensed attorney is not material.[3] What is material is that Mr. Gallucci's then agent in May, 2001 specifically identified his client's injury and its cause; that Mr. Gallucci had allegedly received benefits at a lower rate of compensation by virtue of the determination of the Workers' Compensation Authority while he was represented by the Defendants. Mr. Gallucci, through his agent/counsel, then had some evidence of alleged wrongdoing and had clearly sustained an injury. Therefore, Plaintiff's legal malpractice claim accrued no later than May 15, 2001.

Significantly, Plaintiff has admitted this in his own papers. In Plaintiff's Opposition Memorandum filed May 22, 2006, he concedes:

---

[2] The continuous representation rule which has been adopted in the District of Columbia cannot resuscitate Plaintiff's time-barred claims since there is no genuine dispute that the representation ended in 1976 and Plaintiff later consulted at least two other attorneys. Plaintiff does not — and cannot — allege any ongoing fiduciary relationship through the 1970s, 1980s and 1990s. See Complaint, ¶ 24; Defendants' Exhibits C-D.

[3] As an attorney acting for Mr. Gallucci before the OWCP, Mr. Fochs was acting as agent. See Restatement (Third) of the Law Governing Lawyers, § 27 (2000).

> Mr. Gallucci first had knowledge of Defendants' legal malpractice on approximately May 15, 2001, when attorney Thomas O. Fochs, acting on behalf of Plaintiff, sent a letter to OWCP inquiring into, among other things, increased rate of compensation under 5 U.S.C. § 8113.

Plaintiff's Opposition at 13 (emphasis supplied). Thus, Plaintiff has admitted that he was aware of the 5 U.S.C. § 8113 issue and of Defendants' alleged malpractice on or about May 15, 2001. In his May, 2001 letter, Mr. Fochs does not simply inquire as to whether or not an increased rate of compensation was due; he actually argues in support of the Plaintiff's entitlement to an increased rate of compensation under the Code provision. *See* Defendants' Exhibit D at 33-36. This occurred nearly <u>four (4) years</u> before the effective filing date of the present lawsuit on April 27, 2005 and demonstrates that Plaintiff's claims are time-barred.

Plaintiff has not pled a claim of fraud or fraudulent concealment in his Complaint but that is of no moment since under the discovery rule, as applied in the District of Columbia, inquiry notice is the appropriate standard for all cases even where there are allegations of fraud. <u>See</u> <u>Diamond</u>, *supra*, 680 A.2d at 380-81. In determining whether or not a plaintiff is on inquiry notice, the Court employs an objective standard. <u>See</u> <u>Jacobsen v. Oliver</u>, 201 F.Supp.2d 93, 109 (D.D.C. 2002).

> The rule that, in cases of fraud, the statute of limitation begins to run only from the time of the discovery of the fraud, will not apply where the party affected by the fraud might, with ordinary diligence, have discovered it. But the failure to use such negligence may be excused where there exists some relation of trust and confidence ... between the party committing the party and the party who is affected by it, rendering it the duty of the former to disclose to the latter the true state of the transaction, and where it appears that it was through confidence in the acts of the party who committed the fraud that the other was prevented from discovering it.

Ray v. Queen, 747 A.2d 1137, 1142 (D.C. 2000) (citation omitted). Given the undisputed facts demonstrating Plaintiff's admitted knowledge of his alleged legal malpractice claims by May, 2001, any claims accrued then and there is no fraud tolling principle applicable.

Moreover, there is no material fact dispute that the purported contact by Mr. Gallucci to the Defendant law firm in 2002 — 26 years after their representation had concluded — is not material. Even if the contact occurred as alleged, it demonstrates no ongoing fiduciary or confidential relationship which could support the existence of the continuous representation doctrine. Moreover, Plaintiff's description of his purported conversation does not state a basis for fraudulent concealment; Plaintiff cannot demonstrate any reasonable reliance upon the statements attributed to the Defendant law firm since he had already engaged at least two lawyers seek relief for him at the OWCP.

Finally, Plaintiff's assertion that his "mental capacity" somehow tolled the running of the statute of limitations is without support. Pursuant to D.C. Code § 12-302, a person who is "*non compos mentis*" at the time that the right of action accrues may have the benefit of an extension during the time that the disability exists. There is no evidence, whatsoever, that Mr. Gallucci was incapable of handling his own affairs and was unable to function in society. Therefore, his failure to timely file his alleged claim cannot be excused. See Hendel v. Wood Plan Executive Council, 705 A.2d 656 (D.C. 1997).

      B.      <u>Alternatively, The Laches Doctrine Bars The Plaintiff's Claims</u>

Plaintiff's only response to the alternative bar of the doctrine of laches — filing claims after a delay of more than 28 years — is that there was neither an unreasonable nor unexplained delay by Mr. Gallucci. Plaintiff has an obligation to exercise reasonable diligence to protect his rights. See, e.g. <u>Powell v. Zuckert</u>, 125 U.S. App. DC 55, 57, 366 F.2s 634, 636 (1966). Waiting more than a quarter of a century to file a claim for professional liability is unreasonable, on its face. There is no explanation offered for Mr. Gallucci's dilatory conduct. His delay is particularly egregious in light of the fact that he sought counsel from multiple attorneys and actually retained at least two to investigate his situation and pursue relief for his perceived diminution in his compensation rights. Such an inordinate and unfathomable delay cannot be countenanced.[4] Here, where the length of the delay is extensive, only a minimal showing of prejudice to the Defendants is required. See <u>Gull Airborne Instruments, Inc. v. Weinberger</u>, 224 U.S. App. DC 272, 277, 694 F.2d 838, 843 (1982). Such prejudice — diminished memories and the likely loss of evidence — should be presumed here, due to the extraordinary length of the delay. Therefore, the defense of laches provides an alternative basis for dismissal.

CONCLUSION

For all of these reasons, as well as those previously set forth in Defendants' prior papers, the claims should be dismissed, with prejudice.

---

[4] Plaintiff's claim that he must take discovery with respect to the November, 2002 alleged conversation is without support. That contact, even assuming it occurred, has no material relevance to the statute of limitations claim since it allegedly occurred after April 27, 2002.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin
David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendants' Response To Plaintiff's Supplemental Memorandum In Opposition To Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment was electronically served this 9th day of August, 2007 to:

Matthew H. Simmons, Esquire
SIMMONS & ASSOCIATES, CHARTERED
Suite 345
4733 Bethesda Avenue
Bethesda, MD  20814

Leslie S. McAdoo, Esquire
LESLIE McADOO CHARTERED
1140 19th Street, NW
Washington, DC  20036

/s/ David P. Durbin
David P. Durbin

- 7 -