# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-7139**  **September Term, 2007**

06cv00020

Filed On: February 11, 2008

[1098380]
William Gallucci,

      Appellant

v.

Mark L. Schaffer, et al.,

      Appellees

**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 3/14/18

BY: [signature], Deputy Clerk

ATTACHED:  ___ Amending Order
                ___ Opinion
                ___ Order on Costs

**BEFORE:** Randolph, Tatel, and Garland, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance, and the opposition thereto, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant's suit is barred by the statute of limitations because he was on inquiry notice of the existence of a cause of action by 2001 but did not file his complaint until 2005. See D.C. Code § 12-301(8); see also Bradley v. Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc., 433 F.3d 846, 849 (D.C. Cir. 2005). Further, the district court did not abuse its discretion in denying appellant's motion for discovery, because the affidavit of appellant's counsel failed to offer the requisite explanation of the reasons why, absent discovery, he could not present facts essential to his opposition to the motion for summary judgment. See Fed. R. Civ. P. 56(f); see also Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By: [signature] _____ Deputy Clerk